IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BILLY WHITEHEAD,

    Plaintiff,

v.                                                                              No. 05-2602 B

JON ROBERTSON, et al.,

    Defendants.

_____

ORDER DISMISSING CLAIMS AGAINST REMAINING DEFENDANT
_____

On October 30, 2006, this Court entered an order directing the Plaintiff, Billy Whitehead, to show cause, within eleven (11) days, why his claims against the remaining Defendant in this action, the United States of America, should not be dismissed for failure to prosecute. Whitehead was clearly admonished that "[f]ailure of the Plaintiff to respond in a timely manner to this order may result" in the dismissal of his claims against this Defendant. (Order to Show Cause Why Claims Against the United States of Am. Should Not Be Dismissed for Failure to Prosecute at 2.) According to the Court's docket, the Plaintiff has to date failed to respond to the show cause order, even though the time for such response has expired.

Rule 41(b) provides for dismissal of actions for failure of the plaintiff to prosecute. Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The

Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.  The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted:  (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001).  Prior notice to the party that a failure to cooperate may result in dismissal is important to support the sanction.  Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

The Plaintiff has consistently failed to respond to motions and orders to show cause both in this case and in a related case in this district involving the same defendants (Case No. 05-2840), resulting in the dismissal of his claims against all Defendants except the USA in this lawsuit.[1]

---

[1] In Case No. 05-2840, following dismissal of all Defendants except the USA, the Plaintiff, on June 7, 2006, filed a notice of voluntary nonsuit without prejudice as to his claims

Clearly, the necessity of monitoring a case that the Plaintiff has dilatorily permitted to languish indefinitely works some hardship on Defendants seeking disposition of the action. In addition, the Plaintiff has been cautioned by the Court in no uncertain terms concerning the dire ramifications of any failures to comply with Court directives. Finally, under the circumstances, the Court finds that no sanction short of dismissal as to the remaining Defendant will cure the Plaintiff's failure to move his case against it forward.

Based on the foregoing, the Plaintiff's claims with respect to the Defendant USA are DISMISSED with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Furthermore, as a result of the Court's dismissal of Plaintiff's claims against the sole remaining Defendant in this matter, the case is hereby DISMISSED in its entirety. The Case Manager is directed to remove all settings from the Court's calendar and to enter judgment in accordance with this order.

IT IS SO ORDERED this 4th day of December, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

against the USA. Judgment was entered on June 9, 2006.